*In re* ANONYMOUS ATTORNEY

Docket No. 93190. Decided May 18, 1992.

The Grievance Administrator of the Attorney Grievance Commission petitioned the Wayne Circuit Court for an order to show cause why a certain attorney should not be held in contempt for failing to answer all questions of the administrator during an investigative hearing. The court refused to hold the respondent in contempt, finding that the time between the respondent's rejection of an admonishment and the commission's issuance of the investigatory subpoena required the subpoena to be quashed.

The Grievance Administrator sought leave to appeal in the Supreme Court, which the Court treated as a complaint for superintending control..

In a unanimous memorandum opinion, the Supreme Court *held:*

The quashing of the investigatory subpoena by the circuit court exceeded its authority, requiring vacation of the court's order and remand for reconsideration.

MCR 9.112(D)(2) provides that a person who fails, without just cause, to comply with an investigatory subpoena issued by the Attorney Grievance Commission is in contempt, and permits the Grievance Administrator to initiate contempt proceedings under MCR 3.606 in the circuit court. The court's authority is limited by the rule. In determining whether to invoke its contempt power, the court must resolve whether there was a failure to comply with the subpoena that was excused by just cause with regard to the subpoena itself, not the underlying investigation or other ancillary matters. If either issue is resolved in the respondent's favor, the court should decline to hold the respondent in contempt; it may not quash the subpoena.

Vacated and remanded.

MEMORANDUM OPINION. The circuit court quashed an investigatory subpoena issued by the Attorney Grievance Commission. Because this action exceeded the authority of the circuit court, we

vacate the court's order and remand the case for reconsideration.

I

In August 1988, a request for investigation was filed against the respondent attorney, alleging professional misconduct. The Attorney Grievance Commission issued a written admonishment in September 1989. However, the admonishment was rejected by the respondent in October 1989. MCR 9.106(6).

In August 1991, the Grievance Administrator caused the issuance of an investigative subpoena. MCR 9.112(D)(1).[1] The subpoena directed the respondent to appear at the office of the commission on a date in September 1991. The respondent was directed to bring "[a]ny and all notes, documents, records, files, ledgers, photographs, or any other evidence relating to the referenced Request for Investigation." The subpoena also stated that the respondent would be required to testify under oath.

The respondent appeared as required, but did not answer all the questions of the Grievance Administrator. The administrator then filed in circuit court a petition for an order to show cause why the respondent should not be held in contempt. MCR 9.112(D)(2).[2] The respondent's answer to the petition included a statement that "[t]he unwarranted delay of three years [in the investigation of this matter] has prejudiced respondent and the petition is barred by laches."

The circuit court refused to hold the respondent in contempt. It found instead that "the passage of

---

[1] At the time these events arose, this rule provision was found in MCR 9.114(C)(1).

[2] This language was, at that time, found in MCR 9.114(C)(2).

one and three quarters years from date of rejection of the Admonition by Respondent to the issuance of the subpoena, was untimely and therefore the subpoena is quashed."

The Grievance Administrator has filed in this Court an application for leave to appeal, which we treat as a complaint for superintending control.

## II

The court rule, MCR 9.112(D)(2), formerly MCR 9.114(C)(2), provides that a person who "without just cause" fails to comply with an investigatory subpoena "is in contempt." The rule further states that the Grievance Administrator "may initiate a contempt proceeding under MCR 3.606 in the circuit court."

The role of the circuit court is limited by the rule. The principal question before the circuit court is whether to invoke its contempt power.[3] In order to make that determination, the circuit court must resolve the issues whether the respondent has failed to comply with the subpoena and whether, if there has been such a failure, it is excused by just cause. The resolution of those issues will enable the court to decide whether to hold the respondent in contempt. If one or both of those issues are resolved in favor of the respondent, the circuit court should enter an order declining to hold the respondent in contempt. The circuit court may not quash the Grievance Administrator's subpoena.[4]

---

[3] Obviously, if a finding of contempt is made, the court must decide upon a proper judicial response to the contempt.

[4] It might be said that failing to hold the respondent in contempt is the same as refusing to enforce the subpoena, and that refusing enforcement is essentially the same as quashing the subpoena. The distinctions are not great, it is not for the circuit court to declare void a discovery instrument issued by the Attorney Grievance Commission, whose authority is conferred by the Supreme Court.

The circuit court must exercise care as it inquires into whether just cause exists for a respondent's failure to comply with the subpoena. The "just cause" must concern the subpoena itself, not the underlying investigation or other ancillary matters. For instance, a respondent might have just cause to oppose a subpoena if it were improperly issued, if it were addressed to the wrong person, if it were vague or overbroad, or if it would require violation of an applicable privilege. A further illustration that pertains to this case is that a respondent might have just cause to oppose a subpoena if *it* were somehow untimely, whereas the circuit court lacks authority to conclude that an underlying investigation is untimely.[5]

For these reasons, we vacate the order of the circuit court, and we remand this case to the circuit court for reconsideration of the Grievance Administrator's petition for an order holding the respondent in contempt.[6]

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

[5] A respondent who sought a determination that an entire investigation was untimely would need to approach this Court with a complaint for superintending control of the Attorney Grievance Commission.

[6] The Grievance Administrator has also filed motions for immediate consideration and to seal the record, which we grant. MCR 9.126(A). The respondent's motion to dismiss is denied.